U.S. DISTRICT COURT
STERN DISTRICT OF LOUISIANA
RECEIVED

OCT - 7 2015

TONY R. MOORE, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| ALONZO DESHAUN YOUNG (#478417) | DOCKET NO. 15-1068; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN BLUDWORTH, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Alonzo Deshaun Young filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 6, 2015. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. He complains that he received delayed medical care and that Defendants failed to protect him from an attack by another inmate at Winn Correctional Center (WNC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on August 18, 2014, he asked the Elm Unit Manager at WNC, Carl Coleman, three times to move Plaintiff off of the A-1 tier because he was "having problems" with inmate Maurice Simmons. [Doc. #1, p.6] Coleman responded that he would move Plaintiff when he [Coleman] was ready. Plaintiff alleges that on August 19, 2014, he made another formal request for protection and to be moved off of his tier. [Doc. #9, p.3] He alleges that he verbally warned officers of an "impending attack" from August 19

through August 29, 2014. [Doc. #9, p.3] On August 30, 2014, Plaintiff was attacked in his sleep by Inmate Maurice Simmons. Simmons stabbed Plaintiff in the neck several times, and once in the arm.

Plaintiff complains that it took twenty minutes for LPN Jones to get to the Elm Unit to examine Plaintiff. He claims it took another two hours for Officer Vernon and Ms. Martin to transport Plaintiff to the Winnfield hospital. [Doc. #1, p.6] Plaintiff complains that he should have been transported by ambulance instead of in a prison van.

**Plaintiff states that he filed a grievance, but did not receive a response.**

### Law and Analysis

1. **Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or

2

if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## 2.  Carl Coleman, Chief Lucas, & Michelle Kennedy

Plaintiff complains that Carl Coleman, Chief Lucas, and Michelle Kennedy failed to protect him from an attack by another inmate. Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825 (1994); Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986). However, the Eighth Amendment

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

3

mandates 'reasonable' safety, not 'absolute' safety. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998). A prison official can only be held liable if he *deliberately* ignored a *clear danger* to a prisoner *after* the official had been made aware of the danger. See Farmer, 114 S.Ct. at 837. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment. See Farmer, 511 U.S. at 837. Therefore, to establish an Eighth Amendment "failure to protect" violation, the inmate must show that the prison official acted or failed to act *despite his knowledge of a substantial risk of serious harm*. Farmer, 511 U.S. at 841. Moreover, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

Plaintiff alleges in paragraphs 5-10 of his Amended complaint that, on August 18, 2014, he asked Defendant Coleman to be moved off the tier because he was "having problems" with Inmate Simmons and that "something was going to happen" to Plaintiff if he was not moved. [Doc. #9, p.2-3] Coleman said that he would move Plaintiff when he was ready. [Doc. #9, p.3] Plaintiff claims that, on August 18, 2014, the "classification official 'blocked' the offender." [Doc. #9, p.3] Plaintiff alleges that he made another "formal request for protection and to be moved" on August 19, 2014. [Doc.

#9, p.3] He alleges that, prior to the attack, he informed Chief Lucas and Ms. Kennedy that he "was having problems on A-1 tier." [Doc. #9, p.3] He also claims that the defendants were **"informed of the pending attack"** from August 19 through 29, 2014. [Doc. #9, p.3]

### 3.   Warden Bludworth

Plaintiff claims that Warden Bludworth knew before August 18, 2014, that WNC was inadequately staffed and the officers were not properly trained. He claims that the warden retaliated against him by transferring Plaintiff to another facility. First, Plaintiff does not allege any personal involvement by Bludworth in the attack. Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). Plaintiff has presented only a conclusory allegation of any involvement by the warden.

Additionally, to state a claim for retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Plaintiff has not provided any factual allegations of a retaliatory transfer by the warden. In fact, Plaintiff states that if he had remained at WNC, he would

5

have been in danger. [Doc. #9, p.5] There is no indication that transferring Plaintiff was in retaliation rather than for his own protection.

### 4. Ms. Jones, Mr. Vernon, and Ms. Martin

Plaintiff complains that Jones, Vernon, and Martin failed to transport Plaintiff to the hospital by ambulance. He alleges that the delay in his transportation to the hospital resulted in "additional injuries to internal organs," "disfigurement, loss of enjoyment of life and life expectancy." [Doc. #9, p.5-6] He alleges that the defendants knew that driving him to the hospital, rather than calling an ambulance, would result in significant injury, yet they decided to drive him anyway.

A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff alleges that, because the defendants did not summon an ambulance, it took two hours before he arrived at the emergency room. He claims that this delay caused injury to internal organs and resulted in his disfigurement. This claim is conclusory and unsupported as Plaintiff has not identified any internal organs that were injured due to the alleged delay, nor has he presented any examples of his "disfigurement." Additionally, Plaintiff only makes a conclusory allegation that he was transported by van instead of ambulance in an effort to

6

intentionally cause him harm.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A, **except** for his failure to protect claim against **Carl Coleman, Chief Lucas, & Michelle Kennedy**[4].

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR**

---

[4] It appears that Plaintiff may have only complained to Kennedy and Lucas about "having problems" on the tier rather than actually making them aware of a specific threat of substantial harm. However, because Plaintiff alleges that he made a "formal request for protection and to be moved" on August 19, 2014, and that the defendants were actually "**informed of the pending attack**" from August 19 through 29, 2014, those defendants will be served at this time.

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 7th day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE